**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Geraldine Scales | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 15292 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| United Parcel Service, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Geraldine Scales brings this lawsuit alleging that her employer Defendant United Parcel Service ("UPS") engaged in disability discrimination in violation of the Americans with Disabilities Act ("ADA"). UPS moves to dismiss. For the reasons stated below, UPS's motion to dismiss is granted.

**Legal Standard**

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations omitted). Facial plausibility exists when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a motion to dismiss, the Court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

**Background**

Plaintiff began working for UPS in 1994. R. 1 ¶ 14. At all relevant times, Plaintiff's job responsibilities included "heavy lifting." *Id.* ¶ 15. In 2019, Plaintiff was diagnosed with hematologic cancer. *Id.* ¶ 16. Plaintiff alleges that her "disability substantially limits major life activities, including lifting and carrying" but that, despite the disability, she "was qualified to perform the essential functions of her job with or without accommodation." *Id.* ¶ 17–18.

On August 14, 2022, Plaintiff began long-term disability leave. *Id.* ¶ 25. On August 15, 2022, Plaintiff received a letter from her supervisor requiring Plaintiff to return to work within 72 hours or be terminated. *Id.* ¶ 26. Plaintiff alleges that she returned to work on August 7, 2023 and "requested reasonable accommodation resulting from her disability to limit lifting and carrying heavy items" but that UPS failed to provide her with an accommodation. *Id.* ¶¶ 45–46.

Plaintiff's spouse also worked for UPS and began working there in 1982. *Id.* ¶ 13. In 2021, Plaintiff's spouse passed away after contracting COVID-19. *Id.* ¶ 21. Plaintiff alleges that her spouse had a life insurance policy through UPS that was payable to Plaintiff upon his death. *Id.* ¶ 22. Plaintiff alleges that in August 2023, she filed grievances with UPS related to "her spouse's unpaid life insurance, unassigned medical insurance, and accrued but unpaid vacation time for both her and her deceased spouse." *Id.* ¶ 31.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC issued a notice of right to sue on September 17, 2025. *Id.* ¶¶ 9–11. It remains unclear as to when exactly Plaintiff became aware of the notice. *Cf.* R. 27 *with* R. 31. Plaintiff's counsel logged into her CM/ECF account to file Plaintiff's complaint around 11:30 PM on December 16, 2025, but received error messages when submitting the complaint and was unable to file until 1:03 AM on December 17, 2025. R. 34.

2

**Discussion**

## I. Statute of Limitations

As a prerequisite to filing a lawsuit under the ADA, a plaintiff must "(1) file a timely charge with the EEOC, and (2) receive a right to sue letter from the EEOC." *Wamack v. Windsor Park Manor*, 836 F. Supp. 2d 793, 797 (N.D. Ill. 2011). "[A]s soon as the plaintiff is on notice the letter has issued," the plaintiff has 90 days to file suit. *Kinder v. Marion Cnty. Prosecutor's Off.*, 132 F.4th 1005, 1008 (7th Cir. 2025).

Here, UPS contends that Plaintiff received notice of her EEOC letter on September 17, 2025. R. 27 ¶ 5. To support this position, UPS attaches a document that it received from FOIA request to EEOC which shows that someone using Plaintiff's email address downloaded the EEOC letter on September 17. R. 27-1 at 8. As such, UPS contends that the 90-day window expired on December 16 and this lawsuit was filed one day late on December 17. R. 27 ¶ 8. Plaintiff argues, however, that the FOIA document is outside the scope of a motion to dismiss. R. 31 ¶ 6. Plaintiff further argues that Plaintiff's caretaker downloaded the EEOC letter on September 17 without informing Plaintiff. *Id.* ¶ 2.

The Court need not reach the issue of notice. As set forth above, Plaintiff's counsel attempted to file this lawsuit on December 16 but received error messages from the CM/ECF filing system. Under the doctrine of equitable tolling, courts "may extend statutory deadlines when external obstacles that are both extraordinary *and* beyond a party's control prevent timely filing." *Kinder*, 132 F.4th at 1009 (citations omitted). An error with CM/ECF filing is an external obstacle, it is extraordinary in that it is unexpected, and it is also beyond Plaintiff's control. Thus, even assuming that Plaintiff received notice of EEOC letter on September 17, and that this lawsuit was filed sixty-three minutes late, the Court finds that the delay would be excused because Plaintiff would have filed on December 16 but for an error with the CM/ECF filing system.

### II.     Substantive Claims

Plaintiff alleges three claims under the ADA. First, a harassment claim. R. 1 ¶¶ 33–36. Second, a retaliation claim. *Id.* ¶¶ 37–41. Third, a claim for failure to accommodate. *Id.* ¶¶ 42–47. As a threshold issue, to bring claims under the ADA, a plaintiff "must allege that [she is] disabled." *Koty v. DuPage Cnty., Illinois*, 900 F.3d 515, 519 (7th Cir. 2018). Under the ADA, a "disability" is "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarding as having such an impairment." 42 U.S.C. § 12102(1). Critically, "the complaint must provide some *factual* (instead of conclusory) explanation on the effect [the plaintiff's] disability has had on her major life activities such that it could plausibly fall within the protections of the ADA." *Haag v. Cook Cnty. Adult Prob.*, 2018 WL 5249228, at *3 (N.D. Ill. Oct. 22, 2018) (emphasis in original).

Here, Plaintiff alleges that she was diagnosed with hematologic cancer and that her "disability substantially limits major life activities, including lifting and carrying." This quoted statement is the only allegation in the complaint that provides any explanation on the effect of Plaintiff's disability. But the allegation that the "disability substantially limits major life activities" is a threadbare recital of the elements required to prove a disability. And though the allegation that the Plaintiff was limited in "lifting and carrying" is slightly more specific, it remains a conclusory statement that provides little explanation or factual context as to the effect the disability has had on Plaintiff's major life activities. With a cancer diagnosis, it's certainly possible that Plaintiff suffers substantial limitations. That said, she must allege them. But even if the complaint had sufficiently alleged a disability, it still fails as set forth below.

### 1. Harassment Claim

To establish an ADA harassment or hostile work environment claim, a plaintiff must show: "(1) unwelcome harassment; (2) based on [the disability]; (3) that was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) a basis for employer liability." *Demkovich v. St. Andrew Apostle Parish*, 3 F.4th 968, 977 (7th Cir. 2021). Plaintiff argues that UPS subjected her to harassment by threatening to terminate her after she took disability leave, by failing to pay out her spouse's life insurance, by failing to provide spousal medical insurance benefits, and by failing to pay accrued vacation time. R. 22 at 6.

Plaintiff's arguments fail for the following reasons. Regarding the life insurance, medical benefits and vacation time, Plaintiff fails to allege facts suggesting that these issues were in any way related to her disability. This leaves only the threatened termination, and regarding this, Plaintiff alleges that on August 15, 2022 she received a letter requiring her to return to work within 72 hours. She also alleges, however, that she returned to work about a year later on August 7, 2023. Drawing all inferences in Plaintiff's favor, the Court infers that Plaintiff was able to continue with her long-term disability leave given that she did not return to work for nearly a year. The Court finds that, as a matter of law, an isolated letter with no negative consequences is not "so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment." As such, Plaintiff did not sufficiently allege a harassment claim.

### 2. Retaliation Claim

To establish an ADA retaliation claim, a plaintiff must show among other elements that she "engaged in statutorily protected activity" meaning that she "asserted his rights under the ADA by either seeking an accommodation or raising a claim of discrimination due to his disability." *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 814–15 (7th Cir. 2015). Here, Plaintiff

argues that she sufficiently alleged a statutorily protected activity because, in August 2023, she filed grievances with UPS related to her spouse's unpaid life insurance, unassigned medical insurance, and accrued but unpaid vacation time. *See* R. 22 at 7. But as alleged, this grievance did not assert rights under the ADA and did not claim that UPS had discriminated against Plaintiff due to her disability. As such, Plaintiff did not sufficiently allege a retaliation claim.

### 3. Reasonable Accommodation Claim

As stated above, a plaintiff must file a charge with the EEOC as a prerequisite to filing a lawsuit under the ADA. The "scope of the subsequent judicial proceedings is [then] limited by the nature of the charges filed with the EEOC." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). "An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Id.* Rather, a plaintiff "may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citations omitted).

Here, Plaintiff asserted discrimination and retaliation claims in her EEOC charge but not a reasonable accommodation claim. R. 15-1. To the contrary, in the charge, Plaintiff expressly asserted: "I requested a reasonable accommodation, which was granted." *Id.* Because the charge expressly disclaimed the reasonable accommodation claim, the Court finds that such a claim is not "like or reasonably related to the allegations of the charge." As such, Plaintiff cannot bring the reasonable accommodation claim.

**Conclusion**

For the reasons stated above, Defendant's motion [13] to dismiss is granted. If Plaintiff believes she can cure the deficiencies identified herein, she may file an amended complaint by 8/12/26. If Plaintiff fails to file an amended complaint by 8/12/26, the case shall be dismissed.

**SO ORDERED.**                                     **ENTERED: July 31, 2026**

                                     **HON. JORGE L. ALONSO**
                                     **United States District Judge**